UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Sherry Eiginger, individually and as Parent and Guardian of M.G., <br><br> Plaintiff <br><br> vs. <br><br> St. Andrews Fitness Corporation d/b/a Muv Fitness, ABC Financial Services, Inc. and Netcollections, LLC, <br><br> Defendants | Civil Action No. 3:17-1687-JFA <br><br> **COMPLAINT** <br><br> (Jury Trial Requested) |

Plaintiff, complaining of the Defendants above-named, would show this Court:

## JURISDICTION

1. The State of Residence of Plaintiff is the State of South Carolina.

2. The Defendant St. Andrews Fitness Corporation d/b/a Muv Fitness ("Muv") is a corporation with its principal place of business, "nerve center" and headquarters in the State of South Carolina, County of Richland.

3. The Defendant ABC Financial Services, Inc. ("ABC") is a foreign corporation with its principal place of business, "nerve center" and headquarters in the State of Arkansas.

4. The Defendant Netcollections, LLC ("Netcollections") is a foreign corporation with its principal place of business, "nerve center" and headquarters in the State of Georgia.

5. This Court has jurisdiction over the parties and subject matter of this action under 28 U.S.C. §§ 1331 (federal question).

## FACTUAL ALLEGATIONS

6. Defendant Muv operates a fitness center in, *inter alia,* Richland County, South Carolina.

7. As part of its business, Defendant Muv's employees enroll or attempt to enroll potential customers into fitness contracts, which require them to commit to membership for certain periods of time, and pay monthly membership fees during that time.

8. The pay or promotion of Defendant Muv employees conducting the above business is based, at least in part, on their ability to convert prospects into members.

9. Defendant Muv runs various promotions and advertising intended to gain membership commitments.

10. Plaintiff's daughter, M.G. is a high school student and, at all times relevant hereto, a minor child legal incapable of entering any contract.

11. In or around 2016, M.G. visited Muv fitness with her boyfriend, a high school senior who himself was just 18.

12. At the visit, one of Muv's employees approached the pair about memberships.

13. Upon information and belief, the employee had actual knowledge that M.G. was a minor child.

14. Despite that fact, Muv's employee enrolled M.G. into a membership contract, instructing her 18-year old boyfriend to sign as her "parent or guardian."

15. Upon information and belief, the contract was signed or underwritten by Defendant ABC, who was responsible for administering the membership account and collecting the membership fees.

16. Being a minor student, M.G. was, predictably, not able to afford the membership fees.

17. In or around December of 2016, Defendants Muv and ABC began dunning M.G. for the membership fees she could not pay.

18. Said Defendants' dunning attempts included electronic communications such as e-mails, automated text messages to M.G.'s cellular phone, and automated calls to her phone.

19. M.G. was legally incapable of consenting to any of the foregoing.

20. Shortly after the collections began Plaintiff, who is M.G.'s mother, discovered that Defendants Muv and ABC had unlawfully enrolled her minor daughter in a term

membership contract. She immediately contacted Defendant Muv, speaking with the general manager of the location.

21. Plaintiff advised of her daughter's minority status, and disputed any liability for payment based on that status (and upon Defendants' deceptive act in enrolling M.G. with her 18 year old boyfriend as "parent or guardian") and instructed Defendants not to contact M.G. again.

22. Defendant's Muv's manager told Plaintiff she had to talk to the "corporate office" and refused to take any action.

23. Thus, rather than cease communications, Defendants continued contacting M.G., and then began attempting to collect the debt from Plaintiff herself.

24. Despite knowledge of Plaintiff's dispute, Defendants sent the account to Defendant Netcollections, who itself contacted M.G. directly by mail, misrepresenting on multiple occasions that it could or would report her "to the Credit Bureaus."

25. Because of the Defendants' deceptive and wrongful acts, Plaintiff and M.G. have had their privacy invaded and have been threatened, inconvenienced, frustrated, and otherwise damaged in an amount to be proven at trial.

## FIRST CAUSE OF ACTION
## AS TO DEFENDANTS MUV & ABC

### (Unfair Trade Practices)

26. The allegations contained hereinabove are repeated as if fully alleged herein verbatim, to the extent not inconsistent with this cause of action.

27. The activities of the Defendants constitute "trade or commerce" as defined by South Carolina Code Section 39-5-10, et.seq., (as amended).

28. The actions of the Defendants, above-described, constitute unfair and deceptive acts and practices in the conduct of trade and commerce, as prohibited by the South Carolina Unfair Trade Practices Act, 39-5-10 et.seq., and are willful violations thereof.

29. The actions of the Defendants have a real and substantial potential for repetition and affect the public interest.
30. The Plaintiff has suffered an ascertainable loss due to the unlawful actions of the Defendants, entitling Plaintiff to recover actual damages in an amount to be proven at trial, treble said actual damages, and an award of attorney's fees and costs.

### FOR A SECOND CAUSE OF ACTION
### AS TO ALL DEFENDANTS
#### (Violation of TCPA)

31. The allegations contained hereinabove are repeated as if fully alleged herein verbatim, to the extent not inconsistent with this cause of action.
32. Defendants' telephonic activities are governed, in part, by the Telephone Consumer Protection Act, 47 USC 227; 47 CFR 64.1200.
33. Defendants contacted Plaintiff's minor daughter numerous times via her cellular phone and other electronic means.
34. M.G. lacked the legal ability to consent to the receipt of such calls, which was obtained through deception, and soon thereafter revoked.
35. Plaintiff is informed that Defendants thereafter continued to contact Plaintiff on her cellular telephone with an automated dialing system or otherwise, as well as by electronic mail.
36. Plaintiff is informed and believes that Defendants committed the above violations multiple times, however, violations were willful.
37. Plaintiff is informed and believes that she is entitled to recover $500 to $1,500.00 per violation, plus such other damages, penalties, attorney's fees and costs as allowed by law.
38. Plaintiff is further entitled to, and requests, injunctive relief requiring Defendants to cease and desist any further calling activity, and to award a penalty in the amount of $1,500.00 per such violation, plus fees, costs, and such other relief as is just and proper.

### FOR A THIRD CAUSE OF ACTION

## AS TO ALL DEFENDANTS

### (Violation of SC Code § 37-5-108)

39. The above allegations are repeated and realleged herein as if set forth verbatim, to the extent not inconsistent with the allegations of this cause of action.

40. The transaction or alleged transaction described above is a consumer transaction.

41. Upon information and belief, the Defendants engaged in unconscionable conduct in these and such others to be proven at trial:

    a. Defendant used fraudulent, deceptive, or misleading representations, including representations about the character, amount, or legal status of a debt.

    b. Defendants caused a phone to ring repeatedly, with no proper or legitimate purpose.

    c. Defendants continued to attempt to collect after learning that Plaintiff's daughter was a minor child.

42. Plaintiff should be granted judgment against Defendants for actual damages and such penalties and attorney fees as authorized by statute, and such other relief as is just and proper.

## FOR A FOURTH CAUSE OF ACTION
## AS TO DEFENDANT NETCOLLECTIONS

### (15 USC 1692 – Violation of the Fair Debt Collection Practices Act)

43. The allegations contained hereinabove are repeated as if fully alleged herein verbatim, to the extent not inconsistent herewith.

44. Plaintiff is a consumer.

45. Defendant is a debt collector.

46. Defendant's conduct, involves an attempt to collect a "debt" the FDCPA defines it.

47. Defendant falsely represented (A) the character, amount, or legal status of any debt; or (B) any services rendered or compensation which may be lawfully received by any debt collector for the collection of a debt in violation of 15 U.S.C. § 1692e.

48. Defendant misrepresented that it could or would "report" a minor child to the "Credit Bureaus."
49. Defendant attempted to collect a debt from a minor child.
50. Plaintiff should be granted judgment against Defendants for actual damages and such penalties and attorney fees as authorized by statute, and such other relief as is just and proper.

## PRAYER FOR RELIEF

WHEREFORE, the prayer of the Plaintiff is for judgment in an amount sufficient to compensate Plaintiff for actual damages, with punitive damages, statutory damages, such interest as is allowable by law, costs, attorney's fees, and such other relief as is just and proper.

DAVE MAXFIELD, ATTORNEY, LLC

By:   s/ Dave Maxfield_____
David A. Maxfield, Esq., Fed ID 6293
5217 N. Trenholm Road, Suite B
Columbia, SC 29206
803-509-6800
855-299-1656 (fax)
dave@consumerlawsc.com

DATED: June 27, 2017