IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

COLUMBIA DIVISION

| | | |
|---|---|---|
| Sherry Eiginger, individually as Parent and Guardian of M.G., | ) ) ) | C/A No. 3:17-cv-01687-JFA |
| Plaintiff, | ) ) ) | |
| vs. | ) ) | **ANSWER OF DEFENDANT ST. ANDREWS FITNESS CORPORATION** |
| St. Andrews Fitness Corporation d/b/a Muv Fitness, ABC Financial Services, Inc. and Netcollections, LLC, | ) ) ) ) ) | **D/B/A MUV FITNESS TO PLAINTIFF'S COMPLAINT** (Jury Trial Demanded) |
| Defendants. | ) ) | |

Defendant St. Andrews Fitness Corporation d/b/a Muv Fitness ("MUV Fitness") hereby answers Plaintiff's Complaint as follows. Each and every allegation not hereinafter specifically admitted, qualified, or explained, is expressly denied.

### FOR A FIRST DEFENSE

1. This Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 1 of the Complaint, and, therefore, denies the allegations.

2. Answering Paragraph 2 of the Complaint, this Defendant admits only so much of the allegations that allege or can be construed to allege that this Defendant is a corporation organized and existing under the laws of the State of South Carolina. Any allegations in addition to or inconsistent with the above response are denied.

1

3. The allegations of Paragraph 3 of the Complaint pertain to another Defendant and, therefore, no response is required from this Defendant. To the extent the Court may deem a response is required, this Defendant denies the allegations.

4. The allegations of Paragraph 4 of the Complaint pertain to another Defendant and, therefore, no response is required from this Defendant. To the extent the Court may deem a response is required, this Defendant denies the allegations.

5. Answering Paragraph 5 of the Complaint, this Defendant responds that the allegations constitute a legal conclusion to which no response is required. To the extent the Court may deem a response is required, this Defendant denies the allegations.

6. This Defendant admits the allegations of Paragraph 6 of the Complaint.

7. Answering Paragraph 7 of the Complaint, this Defendant admits only so much of the allegations that allege or can be construed to allege that it enrolls its members in Membership Agreements and craves reference to the Membership Agreement signed by M.G., which agreement speaks for itself. Any allegations in addition to or inconsistent with the above response are denied.

8. Answering Paragraph 8 of the Complaint, this Defendant admits only so much of the allegations that allege or can be construed to allege that it pays sales commission to employees based upon job performance. Any allegations in addition to or inconsistent with the above response are denied.

9. Answering Paragraph 9 of the Complaint, this Defendant admits only so much of the allegations that allege or can be construed to allege that it advertises in order to promote its business and to attract members. Any allegations in addition to or inconsistent with the above response are denied.

10. This Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 10 of the Complaint, and, therefore, denies the allegations.

11. This Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 11 of the Complaint, and, therefore, denies the allegations.

12. This Defendant denies the allegations of Paragraph 12 of the Complaint as stated. By way of further response, this Defendant submits that M.G. and her boyfriend came in and inquired regarding membership. Any allegations in addition to or inconsistent with the above response are denied.

13. This Defendant denies the allegations of Paragraph 13 of the Complaint as stated. By way of further response, M.G. would not have been permitted to sign a contract on her own and without someone of legal age signing on her behalf. Further, M.G.s boyfriend signed on her behalf when M.G. entered into a "family add-on" Membership Agreement. Any allegations in addition to or inconsistent with the above response are denied.

14. This Defendant denies the allegations of Paragraph 14 of the Complaint and demands strict thereof.

15. This Defendant submits that the allegations of Paragraph 15 of the Complaint are directed toward a defendant other than this Defendant. To the extent the Court may deem a response is required, this Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 15 and, therefore, denies the allegations.

16. This Defendants is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 16 of the Complaint and, therefore, denies the allegations.

17. This Defendant submits that the allegations of Paragraph 17 of the Complaint are director toward a defendant other than MUV Fitness. To the extent the Court may deem a response is required, this Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 17 and, therefore, denies the allegations.

18. This Defendant submits that the allegations of Paragraph 18 of the Complaint are director toward a defendant other than MUV Fitness. To the extent the Court may deem a response is required, this Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 18 and, therefore, denies the allegations.

19. This Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 19 of the Complaint and, therefore, denies the allegations.

20. Answering Paragraph 20 of the Complaint, this Defendant admits only so much of the allegations that allege or can be construed to allege that M.G. spoke with a MUV Fitness employee when she and her boyfriend entered the premises and inquired about a membership. This Defendant is without knowledge or information sufficient to form a belief as to the truth of any remaining allegations of Paragraph 20 and, therefore, denies the allegations.

21. This Defendant denies the allegations of Paragraph 21 of the Complaint.

22. This Defendant denies the allegations of Paragraph 22 of the Complaint.

23.     The allegations of Paragraph 23 of the Complaint pertain to another Defendant, and therefore, no response is required from this Defendant.  To the extent the Court may deem a response is required, this Defendant denies the allegations.

24.     This Defendant denies the allegations of Paragraph 24 of the Complaint.

25.     This Defendant denies the allegations of Paragraph 25 of the Complaint and demands strict proof thereof.  This Defendant is without knowledge or information sufficient to form a belief as to the truth of any remaining allegations of Paragraph 25 and, therefore, denies the allegations.

### FOR A FIRST DEFENSE
### TO THE FIRST CAUSE OF ACTION
### AS TO DEFENDANTS MUV & ABC
**(Unfair Trade Practices)**

26.     Answering Paragraph 26 of the Complaint, this Defendant incorporates by reference its responses to Paragraphs 1 through 25 of Plaintiff's Complaint as fully and effectively as if set froth verbatim herein.

27.     The allegations of Paragraph 27 of the Complaint constitute a legal conclusion requiring no response from this Defendant.  To the extent the Court may deem a response is required, this Defendant denies the allegations directed against it in Paragraph 27.

28.     The allegations of Paragraph 28 of the Complaint constitute a legal conclusion required no response from this Defendant.  To the extent the Court may deem a response is required, this Defendant denies the allegations directed against it in Paragraph 28 and demands strict proof thereof.

29.     The allegations of Paragraph 29 of the Complaint constitute a legal conclusion required no response from this Defendant.  To the extent the Court may deem a response is

required, this Defendant denies the allegations directed against it in Paragraph 29 and demands strict proof thereof.

30.     The allegations of Paragraph 30 of the Complaint constitute a legal conclusion required no response from this Defendant. To the extent the Court may deem a response is required, this Defendant denies the allegations directed against it in Paragraph 30 and demands strict proof thereof.

**FOR A FIRST DEFENSE
TO THE SECOND CAUSE OF ACTION
AS TO ALL DEFENDANTS**
(Violation of TCPA)

31.     Answering Paragraph 31 of the Complaint, this Defendant incorporates by reference its responses to Paragraphs 1 through 30 of Plaintiff's Complaint as fully and effectively as if set froth verbatim herein.

32.     The allegations of Paragraph 32 of the Complaint constitute a legal conclusion requiring no response from this Defendant. To the extent the Court may deem a response is required, this Defendant denies the allegations directed against it in Paragraph 32.

33.     This Defendant denies the allegations directed against it in Paragraph 33 of the Complaint.

34.     This Defendant denies the allegations directed against it in Paragraph 34 of the Complaint and demands strict proof thereof.

35.     This Defendant denies the allegations directed against it in Paragraph 35 of the Complaint.

36.     This Defendant denies the allegations directed against it in Paragraph 36 of the Complaint and demands strict proof thereof.

37. The allegations of Paragraph 37 of the Complaint constitute a legal conclusion required no response from this Defendant. To the extent the Court may deem a response is required, this Defendant denies the allegations directed against it in Paragraph 37.

38. Answering the allegations of Paragraph 38 of the Complaint, this Defendant denies Plaintiff's prayer for injunctive relief and monetary damages and demands strict proof thereof.

### FOR A FIRST DEFENSE
### TO THE THIRD CAUSE OF ACTION
### AS TO ALL DEFENDANTS
(Violation of SC Code § 37-5-108)

39. Answering Paragraph 39 of the Complaint, this Defendant incorporates by reference its responses to Paragraphs 1 through 38 of Plaintiff's Complaint as fully and effectively as if set froth verbatim herein.

40. The allegations of Paragraph 40 of the Complaint constitute a legal conclusion requiring no response from this Defendant. To the extent the Court may deem a response is required, this Defendant denies the allegations directed against it in Paragraph 40.

41. This Defendant denies the allegations directed against it in Paragraph 41 of the Complaint, including all subparagraphs, and, therefore, demands strict proof thereof.

42. This Defendant denies the allegations directed against it in Paragraph 42 of the Complaint and demands strict proof thereof.

**FOR A FIRST DEFENSE
TO THE FOURTH CAUSE OF ACTION
AS TO DEFENDANT NETCOLLECTIONS**
**(15 USC 1692 – Violation of the Fair Debt Collection Practices Act)**

43.     Answering Paragraph 43 of the Complaint, this Defendant incorporates by reference its responses to Paragraphs 1 through 42 of Plaintiff's Complaint as fully and effectively as if set froth verbatim herein.

44.     The allegations of Paragraph 44 of the Complaint pertain to another Defendant, and therefore, no response is required from this Defendant.  To the extent the Court may deem a response is required, this Defendant denies the allegations.

45.     The allegations of Paragraph 45 of the Complaint pertain to another Defendant, and therefore, no response is required from this Defendant.  To the extent the Court may deem a response is required, this Defendant denies the allegations.

46.     The allegations of Paragraph 46 of the Complaint pertain to another Defendant, and therefore, no response is required from this Defendant.  To the extent the Court may deem a response is required, this Defendant denies the allegations.

47.     The allegations of Paragraph 47 of the Complaint pertain to another Defendant, and therefore, no response is required from this Defendant.  To the extent the Court may deem a response is required, this Defendant denies the allegations.

48.     The allegations of Paragraph 48 of the Complaint pertain to another Defendant, and therefore, no response is required from this Defendant.  To the extent the Court may deem a response is required, this Defendant denies the allegations.

49.     The allegations of Paragraph 49 of the Complaint pertain to another Defendant, and therefore, no response is required from this Defendant.  To the extent the Court may deem a response is required, this Defendant denies the allegations.

50. The allegations of Paragraph 50 of the Complaint pertain to another Defendant, and therefore, no response is required from this Defendant. To the extent the Court may deem a response is required, this Defendant denies the allegations, including Plaintiff's prayer for relief, and demands strict proof thereof.

## FOR A SECOND DEFENSE

51. Defendant MUV Fitness submits that Plaintiff's Complaint fails to state any claim upon which relieve can be granted and should be dismissed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

## FOR A THIRD DEFENSE

52. Defendant MUV Fitness submits that this Court lacks submit matter jurisdiction over all or part of this litigation and, accordingly, should dismiss it in whole or in part.

## FOR A FOURTH DEFENSE

53. Defendant MUV Fitness submits that Plaintiff's claims are barred by the failure to give timely and reasonable notice of any and all of her claims.

## FOR A FIFTH DEFENSE

54. Defendant MUV Fitness submits that Plaintiff's claims are barred by the doctrines of unclean hands, laches, waiver, and/or estoppel.

## FOR A SIXTH DEFENSE

55. Defendant MUV Fitness submits that Plaintiff and/or her daughter M.G. breached their contractual obligations, which breach proximately caused damages to MUV Fitness, and as the party first in breach, Plaintiff is not entitled to the relief requested in the Complaint.

## FOR A SEVENTH DEFENSE

56.	Defendant MUV Fitness submits that Plaintiff's Complaint fails, in whole or in part, because Plaintiff, as named in the Complaint, lacks standing to prosecute this action.

## FOR AN EIGHTH DEFENSE

57.	Defendant MUV Fitness denies any and all liability, but, in the alternative, pleads that at all times its actions were in good faith and that there existed a reasonable basis for its actions, such actions being for a proper purpose and by a proper method.

## FOR A NINTH DEFENSE

58.	Defendant MUV Fitness submits that Plaintiff has failed to allege adequately her claim for special damages.

## FOR A TENTH DEFENSE

59.	Defendant MUV Fitness submits that if Plaintiff suffered any damages for which it is liable, and the same is expressly denied, Plaintiff has failed to mitigate, avoid, and reduce said damages.

## FOR AN ELEVENTH DEFENSE

60.	Defendant MUV Fitness submits that Plaintiff lacks standing and/or capacity to sue pursuant to the South Carolina Unfair Trade Practices Act, codified at S.C. Code Ann. §§ 39-5-10, *et seq*.

## FOR A TWELFTH DEFENSE

61.	Defendant MUV Fitness submits that Plaintiff's claims are barred, in whole or in part, by application of each and every available common law and statutory defense to a claim brought pursuant to the South Carolina Unfair Trade Practices Act, codified at S.C. Code Ann.

§§ 39-5-10, *et seq.*, including, but not necessarily limited to, application of S.C. Code Ann. § 39-5-40.

### FOR A THIRTEENTH DEFENSE

62.     Defendant MUV Fitness submits that Plaintiff's claim under the TCPA, 47 U.S.C. § 227, fails to state a claim upon which relief can be granted because such a claim would not be otherwise permitted under the laws of south Carolina with the governing facts and circumstances.

### FOR A FOURTEENTH DEFENSE

63.     Defendant MUV Fitness submits that it is not a "debt collector" and is, therefore, not subject to the provisions of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692.

### FOR A FIFTEENTH DEFENSE

64.     Defendant MUV Fitness submits that it made no communications with Plaintiff with regard to any debt or attempts at debt collection and that all contacts, if any, with Plaintiff were initiated by Plaintiff or third parties over whom MUV Fitness exercised no control, all of which is a complete defense to the claims under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692.

### FOR A SIXTEENTH DEFENSE

65.     Defendant MUV Fitness submits that the actions about which Plaintiff complains were carried out by a third party over which MUV Fitness exercised no authority or control, and for that reason MUV Fitness is not liable to Plaintiff.

### FOR A SEVENTH DEFENSE

66.     Defendant MUV Fitness submits prior consent by Plaintiff and/or her daughter, either express or implied, as a complete defense to the actions alleged.

11

## FOR AN EIGHTEENTH DEFENSE

67. Defendant MUV Fitness denies Plaintiff's claim for punitive damages. An award of punitive damages under federal and South Carolina law violates the Fifth, Sixth, and Fourteenth Amendments of the United States Constitution, and Article I, Section 3 of the South Carolina Constitution in that:

   a. The judiciary's ability to correct a punitive damage award only upon a finding of passion, prejudice or caprice is inconsistent with due process guarantees;

   b. Any award of punitive damages serving a compensatory function is inconsistent with due process guarantees;

   c. Any award of punitive damages based upon the wealth or corporate status of MUV violates due process guarantees;

   d. The juror's unfettered power to award punitive damages in any amount it chooses is wholly devoid of meaningful standards and is inconsistent with due process guarantees;

   e. Even if it could be argued that the standard governing the imposition of punitive damages exists, the standard is void for vagueness;

   f. Plaintiff's claims for punitive damages violates the equal protection clause of the Fourteenth Amendment of the United States Constitution, and Article I, Section 3 of the South Carolina Constitution in that the amount of punitive damages is based upon the wealth of MUV; and

   g. Any award of punitive damages for conduct or activity of MUV outside the State of South Carolina is inconsistent with the interest of federalism.

Plaintiff's claim for punitive damages violates the federal doctrine of separation of powers and Article I, Section 3 of the South Carolina Constitution for the reason that punitive damages are a creation of the judicial branch of government, which invades the province of the legislative branch of government.

## FOR A NINETEENTH DEFENSE

68.  Defendant MUV Fitness submits that it has not had an opportunity to conduct a sufficient investigation or to engage in adequate discovery regarding the circumstances of Plaintiff's allegations.  MUV Fitness intends to act as best it can to inform itself of the pertinent facts and prevailing circumstances surrounding any reported damage as alleged in Plaintiff's Complaint, and gives notice of its intent to assert any further defenses that its information gathering process may indicate are supported by fact and law.  These defenses may include, but are not limited to, a defense that the action is barred in whole or in part by any applicable statute, contract, release, covenant, and the doctrine of laches.  MUV Fitness thus reserves the right to amend this Answer and assert additional defenses.

WHEREFORE, having fully answered Plaintiff's Complaint, MUV prays that the Complaint be dismissed, with prejudice, and for such other and further relief as the Court may deem just and proper.

TURNER, PADGET, GRAHAM & LANEY, P.A.

July 26, 2017     By:     s/ Carmelo B. Sammataro
Carmelo B. Sammataro (Fed. I.D. # 9174)
Post Office Box 1473
Columbia, SC 29202
SSammataro@TurnerPadget.com
Phone: (803) 254-2200
Fax: (803) 799-3957

**ATTORNEYS FOR DEFENDANT
ST. ANDREWS FITNESS CORPORATION
D/B/A MUV FITNESS**