IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

COLUMBIA DIVISION

| | |
|---|---|
| Sherry Eiginger, as Parent and Guardian of M.G., | Civil Action No. 3:17-1687-JFA |
| Plaintiffs, | |
| vs. | **ABC FINANCIAL SERVICES, INC.** <br> **ANSWER TO COMPLAINT** |
| St. Andrews Fitness Corp. d/b/a Muv Fitness, ABC Financial Services, Inc. and Netcollections, LLC, | |
| Defendants. | |

NOW COMES Defendant ABC Financial Services, Inc. ("ABC") and responds to Plaintiff's Complaint as follows, denying all allegations not specifically admitted.

FOR A FIRST DEFENSE

1. ABC is without information sufficient to form a belief as to the allegations of Paragraphs 1—2 and therefore denies them.

2. ABC admits that it is a foreign corporation with its headquarters in Arkansas, but the remainder of the allegations of Paragraph 3 are statements of legal conclusion to which no response is required. To the extent a response is required, ABC denies them.

3. ABC is without information sufficient to form a belief as to the allegations of Paragraph 4, and therefore denies them.

4. The allegations contained in Paragraph 5 are statements of legal conclusions to which no response is required. To the extent a response is required, ABC admits

that Plaintiff purports to invoke the jurisdiction of this Court pursuant to 28 U.S.C. § 1331. Except as explicitly admitted, ABC denies the allegations of Paragraph 5.

5. ABC admits the allegations of Paragraph 6 on information and belief.

6. ABC admits, upon information and belief, that Defendant Muv enrolls or attempt to enroll potential customers into fitness contracts, but ABC is without sufficient information to admit or deny the remaining allegations of Paragraph 7, and therefore denies them.

7. ABC is without information sufficient to form a belief as to Paragraph 8 and therefore denies the allegations of this paragraph, demanding strict proof thereof.

8. ABC is without information sufficient to form a belief as to Paragraph 9 and therefore denies the allegations of this paragraph, demanding strict proof thereof.

9. ABC is without information sufficient to form a belief as to Paragraphs 10 – 14 and therefore denies the allegations of these paragraphs, demanding strict proof thereof.

10. ABC admits that it administered the membership account in question as a third party billing services provider, but denies the remaining allegations contained in Paragraph 15.

11. ABC is without information sufficient to form a belief as to Paragraph 16 and therefore denies the allegations of this paragraph, demanding strict proof thereof.

12. ABC is without sufficient information to admit or deny the allegations of Paragraph 17 and therefore denies the allegations of this paragraph, demanding strict proof thereof.

13. ABC admits that it attempted to communicate with the information provided on the membership agreement in M.G.'s name, but ABC is otherwise without sufficient

information to admit or deny the allegations of Paragraph 18, and therefore denies the allegations of this paragraph, demanding strict proof thereof.

14. The allegations contained in Paragraph 19 are statements of legal conclusions to which no response is required. To the extent a response is required, ABC denies the allegations of Paragraph 19.

15. ABC is without information sufficient to form a belief as to Paragraphs 20 – 24 and therefore denies the allegations of these paragraphs, demanding strict proof thereof.

16. ABC denies the allegations of Paragraph 25.

17. In response to Paragraph 26, ABC incorporates its responses to the prior paragraphs as if restated verbatim herein.

18. The allegations contained in Paragraphs 27– 29 are statements of legal conclusions to which no response is required. To the extent a response is required, ABC denies them.

19. ABC denies the allegations of Paragraph 30.

20. In response to Paragraph 31, ABC incorporates its responses to the prior paragraphs as if restated verbatim herein.

21. The allegations contained in Paragraph 32 are statements of legal conclusions to which no response is required. To the extent a response is required, ABC denies them.

22. ABC is without information sufficient to form a belief as to Paragraph 33 and therefore denies them, demanding strict proof thereof.

23. The allegations of Paragraph 34 contain statements of legal conclusions to which no response is required. To the extent a response is required, ABC denies the allegations contained in Paragraph 34, demanding strict proof thereof.

24. ABC is without information sufficient to form a belief as to Paragraph 35 and therefore denies them, demanding strict proof thereof.

25. ABC denies the allegations of Paragraph 36– 38.

26. In response to Paragraph 39, ABC incorporates its responses to the prior paragraphs as if restated verbatim herein.

27. The allegations of Paragraph 40 contain statements of legal conclusions to which no response is required. To the extent a response is required, ABC denies the allegations contained in Paragraph 34, demanding strict proof thereof.

28. ABC denies the allegations of Paragraphs 41-42, including all subparts thereof, as to ABC.

29. In response to Paragraph 43, ABC incorporates its responses to the prior paragraphs as if restated verbatim herein.

30. The allegations of Paragraphs 44 – 50 are not directed to ABC.  To the extent a response is required, ABC denies the allegations.

31. ABC denies that Plaintiff is entitled to any of the relief sought in the WHEREFORE clause.

### FOR A SECOND DEFENSE

32. Plaintiffs Complaint should be dismissed by Fed. R. Civ. P. 12(b)(6).

## FOR A THIRD DEFENSE

33. ABC would show that Plaintiff's damages, if any, were caused by others and any liability of ABC should be set off or offset against amounts Plaintiff recovers from others.

## FOR A FOURTH DEFENSE

34. ABC would show that Plaintiff's damages are a result of her own fraud and misrepresentations, and she is therefore barred from recovery pursuant to the doctrine of unclean hands.

## FOR A FIFTH DEFENSE

35. Plaintiff provided prior express consent for the telephone calls at issue.

## FOR A SIXTH DEFENSE

36. ABC incorporates by reference all provisions set forth within 47 USC § 227 and 47 C.F.R. § 64.1200 and would show that Plaintiff's claims are barred by the safe harbor provisions, exemptions, exceptions, limitations conditions and other defenses set forth therein.

## FOR A SEVENTH DEFENSE

37. ABC would show that it complied with all statutes, laws and regulations, thereby barring Plaintiff's claims.

## FOR AN EIGHTH DEFENSE

38. ABC would show that if it did violate any statutes, laws or regulations, it was as a result of a bona fide error notwithstanding reasonable procedures in place by ABC.

## FOR A NINTH DEFENSE

39. ABC would show that all actions that it took were in good faith.

## FOR A TENTH DEFENSE

40. ABC pleads all defenses set forth in Fed. R. Civ. P. 8.

## FOR AN ELEVENTH DEFENSE

41. ABC incorporates by reference all affirmative defenses asserted by any other Defendant in this action.

NELSON MULLINS RILEY & SCARBOROUGH LLP

By: s/Erik T. Norton
   Erik T. Norton
   Federal Bar No. 09683
   E-Mail: erik.norton@nelsonmullins.com
   1320 Main Street / 17th Floor
   Post Office Box 11070 (29211-1070)
   Columbia, SC  29201
   (803) 799-2000

Attorneys for ABC Financial Services, Inc.

Columbia, South Carolina

August 15, 2017